**Eugene COBBS, Appellant**

v.

**SEPTA, David Abell, John Bleiler, and Susan Flower–Griffin, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 22, 2009.

Filed Nov. 18, 2009.

Jordan B. Yeager, Doylestown, for appellant.

Amy C. Lachowicz, Philadelphia, for appellees.

BEFORE: ORIE MELVIN, BOWES and DONOHUE, JJ.

OPINION BY DONOHUE, J.:

¶ 1 Eugene Cobbs ("Cobbs") appeals from the order of court entered granting the motion for judgment on the pleadings filed by the Southeastern Pennsylvania Transportation Authority ("SEPTA"), David Abell, John Bleiler, and Susan Flower–Griffin (collectively, "Appellees"). Finding no error by the trial court, we affirm.

¶ 2 The trial court aptly summarized the factual and rather complex procedural history of this case as follows.

[Cobbs], an African–American citizen and licensed master plumber, twice applied with [SEPTA] for a plumber's position, once in January 2000 and again in June 2001. He believes that SEPTA refused to hire him based upon his race, although he was qualified and superior to the Caucasian candidates hired for the two jobs....

On July 19, 2001, [Cobbs] filed an administrative complaint ("Administrative Complaint") with the Pennsylvania Human Relations Commission ("PHRC") seeking remedies under the Pennsylvania Human Relations Act ("PHRA") for, *inter alia,* race discrimination. The Administrative Complaint named SEPTA as respondent, and identified and complained about the other defendants in this case (David Abell, John Bleiler, and Susan Flower–Griffin), all SEPTA employees.

On June 19, 2002, the PHRC issued a Finding of Probable Cause, indicating that [Cobbs's] allegations were credible and a conciliation meeting would be held on July 19, 2002. Apparently the meeting did not lead to resolution of the issue, because it remained open on November 6, 2002, when the PHRC sent [Cobbs] notice of his rights under Section 12(c) of the PHRA, 43 P.S. § 962(c). This notice informed [Cobbs] that he now had 'the right to bring an action in the appropriate Court of Common Pleas based on the alleged violations of the PHRAct (sic) contained in his Commission complaint.' The notice continued by saying that filing in the Court of Common Pleas would result in the dismissal of his Administrative Complaint, but that if the Commission was not notified otherwise it would assume that [Cobbs] wanted it to continue handling his case.

[Cobbs] did not file with the Court of Common Pleas at this time. The PHRC continued handling his case, holding hearing on February 20, 2003 and March 25, 2003. Finally, on November 25, 2003, the PHRC issued its Findings and Opinion in which it found that no discrimination took place and entered a Final Order dismissing the Case. *Cobbs v. SEPTA,* No. E100377–AD (Nov.2003). This Final Order was not appealed to the Commonwealth Court of Pennsylvania.

On December 24, 2003, [Cobbs] commenced this action by filing a complaint ("Complaint") against [Appellees] in the Court of Common Pleas of Philadelphia County. [Cobbs] alleged that [Appellees] treated him differently based on his race. [Cobbs] pled four counts of racial discrimination, each under a different theory of law. The first count was under 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The second count was brought under the PHRA. The third count alleged racial discrimination under Article 1, Section 265 of the Constitution of the Commonwealth of Pennsylvania. Finally, the fourth was brought under 42 U.S.C. § 1981. In his Complaint, [Cobbs] requests relief including that 'on all counts, ... the Court reverse the [PHRC's] decision, and find and determine, after trial by jury as appropriate, that [Cobbs] has suffered substantial

and continuing injury as a result of, *inter alia,* deprivation of his civil rights and racial discrimination and retaliation, and award ... relief ... against ... [Appellees] ...' In the PHRA count specifically [Cobbs] averred: '[Appellees], jointly and individually, intentionally discriminated against [Cobbs], because of his race' in violation of the PHRA; the PHRC 'rejected [Cobbs's] complaint by a split vote on November 25, 2003'; and, pursuant to 42 Pa.C.S. § 702, this court should reverse the PHRC for reasons including, '[Cobbs] is aggrieved by the November 25, 2003 adjudication ...'; certain findings of fact of the PHRC were not supported by substantial evidence; the PHRC 'committed an error of law in concluding that [Cobbs] failed to prove that the purported legitimate, nondiscriminatory reasons offered by SEPTA were pretextual' and the PHRC "committed an error of law in concluding that discrimination was not proved."

Trial Court Opinion, 6/17/08, at 1–4 (internal citations omitted).

¶ 3 Appellees responded by filing preliminary objections arguing, *inter alia,* that the Court of Common Pleas lacked jurisdiction over the PHRA claim. In consideration of these objections, the trial court transferred the case in its entirety to the Commonwealth Court. However, the Commonwealth declined to exercise jurisdiction over this case because no state agency was named in the caption. Once the case was transferred back to the trial court, the trial court, per the Honorable Esther R. Sylvester, overruled Appellees' preliminary objections and permitted Cobbs to file an amended complaint.[1]

¶ 4 Cobbs filed his amended complaint on October 25, 2004, raising the same claims as his original complaint. Appel-

lees filed an answer raising as new matter the doctrines of collateral estoppel and *res judicata.* On April 6, 2006, Appellees filed a motion for summary judgment, arguing that the trial court did not have subject matter jurisdiction over Cobbs's claims and that the claims were barred by collateral estoppel and *res judicata.* The trial court, per the Honorable Esther R. Sylvester, granted summary judgment only regarding a claim for punitive damages asserted under the Title VII claim and otherwise denied Appellees relief. The trial court did not issue an opinion discussing these determinations.

¶ 5 On June 26, 2007, Appellees filed a motion for judgment on the pleadings. In support thereof, Appellees again asserted that the trial court lacked subject matter jurisdiction over Cobbs's claims and that Cobbs's claims were barred by collateral estoppel and/or *res judicata.* On March 19, 2008, the trial court, per the Honorable Arnold L. New, granted Appellees' motion for judgment on the pleadings, and this appeal followed.

¶ 6 Cobbs presents four issues for our review:

1. Did the trial court err in granting [Appellees'] motion for judgment on the pleadings on the grounds that the Court of Common Pleas did not have jurisdiction over the case, pursuant to 43 P.S. § 962(c)?

2. Did the trial court err in granting [Appellee's] motion for judgment on the pleadings despite the contrary resolution of the identical issue in [Appellee's] motion for summary judgment, in violation of the coordinate jurisdiction rule?

3. Did the trial court err in granting [Appellee's] motion for judgment on the pleadings despite the Commonwealth

---

1. Cobbs was permitted to amend his complaint to include an allegation that he re-

ceived a "right to sue" letter from the PHRC. *Id.* at 4.

Court's contrary resolution of the matter?

4. Did the trial court err in dismissing [Cobbs's] federal claims which are not dependent on the jurisdictional limitations of 43 P.S. § 962?

Appellant's Brief at 7.

¶ 7 Preliminarily, we recognize our scope and standard of review when presented with a challenge involving a motion for judgment on the pleadings:

> [A]ppellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

> In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*John T. Gallaher Timber Transfer v. Hamilton,* 932 A.2d 963, 967 (Pa.Super.2007).

¶ 8 We begin with Cobbs's first issue, in which he argues that the Court of Common Pleas has subject matter jurisdiction over his PHRA claim. Appellant's Brief at 11. Cobbs's argument is based upon his interpretation of § 962(c) of the PHRA. This statute provides:

§ 962. **Construction and exclusiveness of remedy**

(c)(1) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

(2) An action under this subsection shall be filed within two years after the date of notice from the Commission closing the complaint. Any complaint so filed shall be served on the Commission at the time the complaint is filed in court. The Commission shall notify the complainant of this requirement.

43 P.S. § 962(c)(1)-(2).

¶ 9 The trial court concluded that § 962(c) requires a litigant to choose between continuing to pursue his action with the PHRC or filing a new claim in the Court of Common Pleas. Trial Court Opinion, 6/17/08, at 9–10. Cobbs disagrees with this determination, arguing that § 962(c) does not require a litigant to make such a choice, but rather leaves open the possibility for the litigant who proceeded under the PHRA to file an independent claim under the PHRA in the Court of Common Pleas for up to two years after the PHRC "closes" his case. Appellant's Brief at 11–12.

¶ 10 We decline to resolve this apparent conflict in interpretation of § 962(c), as based upon our review of the amended complaint, Cobbs has not asserted an independent claim for relief under the PHRA. Rather, the averments in the amended complaint make clear that Cobbs is seeking review by the Court of Common Pleas of the PHRC's determination against him. In Count II of the amended complaint (which contains Cobbs's PHRA claim), Cobbs states that the PHRC rejected his complaint and then pleads that the trial court should reverse the PHRC's determination based upon 13 specific allegations of error. Amended Complaint at 12–15. His prayer for relief in Count II requests as follows: "Wherefore, [Cobbs] requests that this Court review the [PHRC's] adjudication, and reverse and/or vacate the adjudication, and award such other relief as may be appropriate." *Id.* at 15.

¶ 11 Cobbs's allegations in Count II of the amended complaint demonstrate that Cobbs is seeking review of the PHRC's determination against him. Our law is abundantly clear that the review of an adjudication by the PHRC is within the exclusive province of the Commonwealth Court:

The Judicial Code provides that [the Commonwealth] Court has jurisdiction of appeals from all final orders of Commonwealth agencies under Subchapter A of Chapter 7 of the Administrative Agency Law. 42 Pa.C.S. § 763(a). Under the Administrative Agency Law, a right of appeal to this court is provided to any person aggrieved by an adjudication of a Commonwealth agency. 2 Pa. C.S. § 702.

*Graves v. Pennsylvania Human Relations Comm'n.*, 160 Pa.Cmwlth. 65, 634 A.2d 701, 703 (1993). In order to obtain review of the PHRC's determination, Cobbs was required to file an appeal in the Commonwealth Court. As such, the Court of Common Pleas had no jurisdiction to review Cobbs's PHRA claim, and so we find no error with the trial court's determination that it lacked subject matter jurisdiction over this claim.

■■■ ¶ 12 In his second issue, Cobbs argues that following the trial court denial of Appellees' motion for summary judgment, the trial court was precluded, based upon the coordinate jurisdiction rule,[2] from considering the "identical issue" in its subsequently-filed motion for judgment on the pleadings. Appellant's Brief at 7. In the argument section of his brief, Cobbs does not clearly identify to what "identical issue" he is referring. However, his discussion suggests that the "identical issue" is jurisdiction of the Court of Common Pleas under § 962(c) (which, we note, was addressed in his first issue on appeal).[3] Appellant's Brief at 18.

■■■ ¶ 13 The coordinate jurisdiction rule is not applicable to the issue of subject matter jurisdiction. Subject matter jurisdiction involves the competency of a

**2.** The coordinate jurisdiction rule provides that "judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." *Ryan v. Berman*, 572 Pa. 156, 161, 813 A.2d 792, 795 (2002)."Departure is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id.*

**3.** To the extent that Cobbs was referring to some other issue as the "identical issue," he has waived that claim. *202 Island Car Wash, L.P. v. Monridge Const., Inc.*, 913 A.2d 922, 925 n. 2 (Pa.Super.2006) (holding that when an appellant fails to identify the specific issue he or she wants to raise on appeal, the issue is waived).

court to hear and decide the type of controversy before it. *Mazur v. Trinity Area Sch. Dist.*, 599 Pa. 232, 240, 961 A.2d 96, 101 (2008). The issue of subject matter jurisdiction cannot be waived and may be raised by any party, or by the court *sua sponte*, at any stage of the litigation. *Alexander v. Commonwealth of Pennsylvania, Dep't of Transp.*, 583 Pa. 592, 598, 880 A.2d 552, 556 (2005). Any issue going to the subject matter of a court to act in a particular matter is an issue that cannot be foreclosed by agreement, estoppel or waiver. *Silver v. Pinskey*, 2009 PA Super 183 at ¶ 9, 981 A.2d 284. Thus, the trial court could not be precluded from considering this issue. Moreover, where the issue of subject matter jurisdiction has been erroneously decided in a prior decision, application of the coordinate jurisdiction rule is inappropriate, as continuing the case would be clearly erroneous and amount to manifest injustice. *See Ryan*, 572 Pa. at 161, 813 A.2d at 795.

¶ 14 Next, Cobbs argues that because the Commonwealth Court previously determined that it lacked subject matter jurisdiction over Cobbs's claims, the trial court was foreclosed from making a determination to the contrary. In making this argument, Cobbs contends that the Commonwealth Court determined that proper subject matter jurisdiction lies with the Court of Common Pleas. Appellant's Brief at 19. The order entered by the Commonwealth Court in this case reads as follows:

> AND NOW, this 3rd day of August, 2004, after considering oral arguments of Counsel on the Rule issued by the Court to Show Cause why Count II of Petitioner's complaint filed in the Court of Common Pleas of Philadelphia County should not be dismissed for failure to name the Pennsylvania Human Relations Commission (PHRC) as a party to the appeal from its adjudication, the Court hereby dissolves the rule and transfers this case back to the common pleas court. There is no Commonwealth Agency named in the caption of Petitioner's action, and therefore jurisdiction does not lie with the Commonwealth Court. *See* 42 Pa.C.S. § 763(a). Regardless of whether the PHRC is a disinterested party pursuant to Pa.R.A.P. 1513(b), as Petitioner claims, the Court's lack of jurisdiction precludes it from reviewing the PHRC adjudication. *See also* **[§ 962(c)] of the [PHRA] (governing suits in common pleas courts after PHRC dismissal of complaints).**

Commonwealth Court Order, 8/3/04 (emphasis added).

¶ 15 Cobbs's claim that the Commonwealth Court determined that the Court of Common Pleas has proper subject matter jurisdiction is based solely upon the *"see also"* citation to § 962(c) at the very conclusion of its order.

¶ 16 We disagree that the Commonwealth Court's order goes so far as to find that the Court of Common Pleas has proper subject matter jurisdiction. We will not consider a single *"see also"* reference to constitute a definitive ruling on the issue of subject matter jurisdiction, especially where the principal basis of the Commonwealth Court's ruling was that it lacked jurisdiction to hear Cobbs's claims for another reason (i.e., Cobbs's failure to name a Commonwealth agency in the caption). Accordingly, we conclude that Cobbs's third issue is without merit.

¶ 17 In his fourth issue, Cobbs argues that the trial court should not have dismissed his claim under Title VII because Appellee's motion for judgment on the pleadings did not present an argument as to why this claim should be denied.

Appellant's Brief at 20.[4] This issue was not included in Cobbs's statement of matters complained of on appeal; therefore, it is waived. Pa.R.A.P. 1925(b)(4)(vii); *Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pa.*, 926 A.2d 977, 983 n. 5 (Pa.Super.2007) (holding that issue not raised in statement of matters complained of on appeal is waived for purposes of appeal).

¶ 18 Having found no merit to Cobbs's claims, we affirm the order of the trial court.

¶ 19 Order affirmed.

**4.** We note that Cobbs does not raise the issue that the trial court erred in dismissing the claims he raised in Counts III and IV of the amended complaint for lack of subject matter jurisdiction. Accordingly, we will not consider their dismissal.