J. S55015/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SEAN ANTONELLA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 226 WDA 2015 |
| KRAEMER, MANES & ASSOCIATES LLC | : | |
| AND DAVID MANES | : | |

Appeal from the Judgment Entered January 12, 2015,
in the Court of Common Pleas of Allegheny County
Civil Division at No. AR 14-002659

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED DECEMBER 16, 2015**

This is a breach of contract action between Sean Antonella ("Antonella"), the plaintiff in the court below, and his former attorneys, Kraemer, Manes & Associates, LLC, and David Manes ("KM&A").  KM&A represented Antonella in employment discrimination proceedings against the Allegheny County Port Authority.  In addition to filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), KM&A brought a civil suit on Antonella's behalf which was subsequently removed to federal court.  Antonella also filed a separate grievance through his union requesting reinstatement and back wages and benefits, which went to arbitration.

---

* Retired Senior Judge assigned to the Superior Court.

At the arbitration proceedings relative to the union grievance, Antonella was afforded legal representation and was not represented by KM&A. On March 14, 2014, the arbitrator granted reinstatement and back wages/benefits to Antonella. Subsequently, mediation was held on March 26, 2014, on the civil suit. Antonella was represented by KM&A during the mediation session.

As a result of a global settlement reached at mediation, the Port Authority agreed to make a cash payment of $30,000 to Antonella and to pay the costs of mediation. In addition, the Port Authority agreed not to appeal the arbitration decision. KM&A approximated the value of the non-appeal provision to be $100,000. Therefore, KM&A calculated the fair value of settlement at approximately $130,000.

In the Legal Representation Agreement ("Agreement"), signed March 3, 2014, Antonella agreed to a contingency fee of 40% of any recovery. The Agreement stated, in defining the term "recovery": "For this purpose, the term recovery shall mean the pre-tax amount of money plus the fair market value of any other items received by you (valued at the date received)." According to KM&A, the agreed-upon value of the settlement for purposes of calculating its fee under the terms of the Agreement is $130,000 (the $30,000 cash payment plus $100,000, representing the approximate fair market value of Antonella's arbitration award granting reinstatement and back wages/benefits). KM&A alleges that it did offer to reduce its legal fee

to 33.33%, or $43,333. According to Antonella, the total agreed-upon value of the settlement is the $30,000 payment received and negotiated by KM&A. Antonella disagrees that the total value of settlement would include back pay and benefits valued at $100,000, or that there was any agreement to reduce KM&A's fee to 33.33%. Therefore, Antonella contends that the amount owed in attorneys' fees is $12,000 ($30,000 x 40%).

KM&A alleges that with Antonella's permission, the $30,000 was paid directly to KM&A towards legal fees. KM&A took possession of the non-disputed legal fee of $12,000, plus costs of $217 for a total of $12,217. KM&A is holding the remainder of $17,783 in trust pending the outcome of this litigation. KM&A alleges that it is still owed $31,334 in attorneys' fees.

On June 28, 2014, Antonella filed a complaint in arbitration, alleging breach of contract as well as professional negligence and seeking damages of $18,000, representing settlement proceeds owed to him under the Agreement. KM&A filed an answer and new matter, stating that Antonella failed to file a certificate of merit in support of his professional negligence claim as required by Pa.R.C.P. 1042.3. KM&A also filed a counterclaim for breach of contract, alleging Antonella failed to pay the balance due under the Agreement in excess of $31,333.

On August 19, 2014, KM&A filed notice of its intention to enter judgment of ***non pros*** on the professional liability claim, and also served Antonella with a First Request for Admissions. On September 25, 2014,

KM&A filed a praecipe for judgment of **non pros** pursuant to Pa.R.C.P. 1042.7. On September 26, 2014, KM&A filed a motion for summary judgment, alleging that Antonella failed to plead in response to KM&A's new matter and counterclaim within 20 days and also failed to respond to KM&A's request for admissions within 30 days, as a result of which they were deemed admitted pursuant to Pa.R.C.P. 4014.

On October 8, 2014, Antonella filed a reply to KM&A's new matter and counterclaim; and on October 16, 2014, Antonella filed a reply to the motion for summary judgment. On October 30, 2014, Antonella served responses to KM&A's First Request for Admissions. Antonella did not file any objections or a motion to withdraw his admissions. On November 3, 2014, Antonella filed a brief in support of his motion to amend the complaint and to set aside judgment of **non pros**. On December 2, 2014, Antonella filed a brief in opposition to the motion for summary judgment.

On January 12, 2015, the Honorable R. Stanton Wettick, Jr., issued an order denying Antonella's motion to set aside judgment of **non pros**; denying his motion to amend, without prejudice to bring a new suit if the statute of limitations has not run; and granting KM&A's motion for summary judgment for the failure of Antonella to respond to KM&A's First Request for Admissions, which supported entry of judgment in favor of KM&A and against Antonella in the amount of $31,334. (Docket #17.) Judgment was entered in the amount of $31,334 in favor of KM&A and against Antonella.

Antonella filed a timely motion for reconsideration on January 22, 2015, followed by notice of appeal on February 6, 2015. On February 12, 2015, Antonella was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Antonella timely complied on March 4, 2015, asserting, *inter alia*, that KM&A was not entitled to discovery under local rules. In addition, Antonella alleged that KM&A was requesting an amount in excess of the Allegheny County arbitration limits. (Docket #22.) The trial court filed a Rule 1925(a) opinion on May 18, 2015, addressing the issues preserved in Antonella's Rule 1925(b) statement. (Docket #23.)

Antonella brings the following issue for this court's review on appeal:

> Whether the trial court committed an error of law when it granted summary judgment in favor of [KM&A] in their counterclaim against Plaintiff/Appellant based solely upon Plaintiff's failure to timely respond to requests for admissions which were deemed admitted.

Antonella's brief at 2-3.

Initially, we note:

> Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. Accordingly, we must consider the order in the context of the entire record. Our standard of review is the same as that of the trial court; thus, we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. If no such question appears, the court must then determine

> whether the moving party is entitled to judgment on the basis of substantive law. Conversely, if a question of material fact is apparent, the court must defer the question for consideration of a jury and deny the motion for summary judgment. We will reverse the resulting order only where it is established that the court committed an error of law or clearly abused its discretion.
>
> *Grimminger v. Maitra*, 887 A.2d 276, 279 (Pa.Super.2005) (quotation omitted). "[Moreover,] we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Evans v. Sodexho*, 946 A.2d 733, 739 (Pa.Super.2008) (quotation omitted).

*Ford Motor Co. v. Buseman*, 954 A.2d 580, 582-583 (Pa.Super. 2008), *appeal denied*, 970 A.2d 431 (Pa. 2009).

Before we can address the merits of Antonella's issue on appeal, we must determine whether it is properly preserved. As stated above, in his Rule 1925(b) statement, Antonella claimed that the trial court erred in granting summary judgment for KM&A where the local rules did not provide for discovery in this case, and KM&A was requesting an amount in excess of the arbitration limits. Antonella has now abandoned these issues on appeal. (Antonella's brief at 7.) In his Rule 1925(b) statement, Antonella also argued that the trial court erred in refusing to grant the motion to set aside judgment of *non pros*, which he has likewise abandoned. Now, Antonella argues that the trial court erred in granting summary judgment for KM&A on

the basis that he failed to serve timely responses to KM&A's First Request for Admissions. Antonella concedes that his responses were untimely under Rule 4014 and that he never sought withdrawal of the deemed admissions. However, Antonella contends that granting summary judgment on this basis results in a manifest injustice and that granting withdrawal or amendment of the deemed admissions would not prejudice KM&A.

In his Rule 1925(b) statement, other than the references to Local Rule 1301, Antonella asserted only that, "The Plaintiff in this litigation states that the Honorable Trial Court committed an error of law and/or abusive [sic] discretion in failing to dismiss the Motion for Summary Judgment of Defendants, [KM&A]." (Antonella's Rule 1925(b) statement, 3/4/15 at 1, ¶1 (docket #22).) Nowhere does Antonella reference Rule 4014 or assert that his untimely responses resulted in no prejudice to KM&A. In his second paragraph, Antonella does state that, "[KM&A] filed a Motion for Summary Judgment based upon the failure of [Antonella] to respond to [KM&A]'s First Request for Admissions." (*Id.* at 1, ¶2.) However, this is simply a statement of fact, not a specific assignment of error.

> This Court has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa.Super.2011), ***appeal denied***, 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on

> appeal." *Id.* (brackets, internal quotation marks, and citation omitted). Further, this Court may find waiver where a concise statement is too vague. *Id.* "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa.Super.2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686-87.

***In re A.B.***, 63 A.3d 345, 350 (Pa.Super. 2013).

In his Rule 1925(a) opinion, Judge Wettick addressed Antonella's arguments regarding the local rules, but found, with respect to Antonella's general assignment of error, "I cannot respond to this matter because plaintiff offers no explanation to support the general statement that I committed an error of law and/or abuse of discretion." (Trial court opinion, 5/18/15 at 2.) Issues not explicitly raised in an appellant's statement of errors complained of on appeal are waived. Rule 1925(b)(4)(vii); ***Cobbs v. SEPTA***, 985 A.2d 249, 256 (Pa.Super. 2009), citing ***Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pa.***, 926 A.2d 977, 983 n.5 (Pa.Super. 2007). Antonella argues that, taken together, paragraphs 1 and 2 are not vague or overly broad. (Antonella's brief at 9.) We disagree. Paragraph 1 merely alleges an error of law or abuse of discretion, and paragraph 2 relates a procedural aspect of the case, *i.e.*, that KM&A filed a motion for summary judgment based upon Antonella's failure to respond to its First Request for Admissions. Nowhere did Antonella raise

the precise issues raised herein, *i.e.*, that Antonella did respond to KM&A's First Request for Admissions, albeit late; that Antonella denied material facts necessary to support the granting of summary judgment in his untimely responses; that the trial court made no formal determination regarding Antonella's late responses; and that allowing withdrawal of Antonella's deemed admissions would not result in any prejudice to KM&A. Antonella does not reference Rule 4014 anywhere in his Rule 1925(b) statement. The only specific issues raised in his concise statement related to Local Rules 1301 and 1301.1 which were addressed by Judge Wettick in his opinion.

As such, we agree with Judge Wettick that with the exception of Antonella's arguments regarding application of the local rules, which he has abandoned on appeal, his concise statement is impermissibly vague and mere boilerplate. Therefore, Antonella has failed to preserve any issues for review on appeal.[1]

---

[1] At any rate, Judge Wettick did not err in granting summary judgment for KM&A where Antonella failed to file timely responses to the First Request for Admissions, or file an objection thereto. Antonella concedes that KM&A's First Request for Admissions, if deemed admitted, establish the material facts necessary to support the judgment against him in the amount of $31,334. (Antonella's brief at 12.) Rule 4014(b) provides that,

> The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the

J. S55015/15

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2015

---

party or an objection, signed by the party or by the
party's attorney. . . .

Pa.R.C.P. 4014(b). ***See Byrnes v. Buss Automation, Inc.***, 609 A.2d
1360, 1367 (Pa.Super. 1992) ("Under Pa.R.C.P. 4014, failure to respond to a
request for admissions deems the facts contained within the request,
admitted by the party from whom the admission was sought."), citing
***Innovate, Inc. v. UPS***, 418 A.2d 720 (Pa.Super. 1980) ("wherein the court
held that, if the party from whom the admissions were sought fails to
respond, by either answering or objecting thereto, within the established
time frame, that party runs the risk of having those facts deemed
admitted"). Furthermore, Antonella never sought withdrawal or amendment
of the deemed admissions. ***See*** Rule 4014(d) ("Any matter admitted under
this rule is conclusively established unless the court on motion permits
withdrawal or amendment of the admission.").