J-S07015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC L. MAXWELL | : | |
| | : | |
| Appellant | : | No. 997 MDA 2018 |

Appeal from the PCRA Order May 23, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001517-1984

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:           **FILED APRIL 23, 2019**

Eric L. Maxwell (Maxwell) appeals from an order of the Court of Common Pleas of Dauphin County (PCRA court) dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We vacate and remand.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background. In November 1984, Maxwell was convicted of first-degree murder,[1] robbery[2] and simple assault.[3] Although the venire included approximately 15 African-Americans, no African-

_____

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 2701.

_____

\*   Retired Senior Judge assigned to the Superior Court.

Americans were selected for the jury. The trial court sentenced Maxwell to an aggregate term of life imprisonment without the possibility of parole. This Court affirmed. *See Commonwealth v. Maxwell*, 513 A.2d 1382 (Pa. Super. 1986). Although our Supreme Court granted allowance of appeal, Maxwell escaped while the case was pending before the Supreme Court and it dismissed the appeal. *See Commonwealth v. Maxwell*, 569 A.2d 328 (Pa. 1989) (*per curiam*).

On August 14, 1990, the PCRA court dismissed Maxwell's first PCRA petition. This Court affirmed and our Supreme Court denied allowance of appeal. *See Commonwealth v. Maxwell*, 595 A.2d 192 (Pa. Super. 1991) (unpublished memorandum), *appeal denied*, 600 A.2d 534 (Pa. 1991). On August 10, 1993, the United States District Court for the Middle District of Pennsylvania denied Maxwell's petition for a writ of *habeas corpus* and the United States Court of Appeals for the Third Circuit dismissed his appeal. *See Maxwell v. Domovich*, 2012 WL 383669, *1 (M.D. Pa. Feb. 6, 2012) (describing the procedural posture of Maxwell's *habeas corpus* case). Thereafter, the PCRA court dismissed Maxwell's second PCRA petition. This Court affirmed that dismissal. *See Commonwealth v. Maxwell*, 832 A.2d 539 (Pa. Super. 2003) (unpublished memorandum). On March 4, 2004, the PCRA court dismissed Maxwell's third PCRA petition. This Court affirmed and our Supreme Court denied allowance of appeal. *See Commonwealth v.*

*Maxwell*, 864 A.2d 580 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 875 A.2d 1074 (Pa. 2005).

On August 20, 2016, Maxwell filed this, his fourth, *pro se* PCRA petition contending that the prosecutor had purposely acted to remove all African-American jurors from the jury violating his right to a fair and impartial jury. **See Batson v. Kentucky**, 476 U.S. 79 (1986). The PCRA requires, with few exceptions, that a post-conviction petition, including a second or subsequent petition, be filed within one year of the date a judgment becomes final. **See** 42 Pa.C.S. § 9543(b). Because this PCRA petition has been filed many years after the judgment of sentence became final, Maxwell's ability to pursue relief is dependent on his satisfaction of an exception to that one-year rule.

Section 9545(b)(1)(ii) is the exception at issue in this appeal. Our Supreme Court in **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016), stated that "the exception set forth in subsection (b)(1)(ii) does not require any merit analysis of the underlying claim." Rather, the exception only requires a petitioner to "prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." **Id.** (internal quotes and citations omitted). Once jurisdiction has been properly invoked, the relevant inquiry then becomes whether the claim is cognizable under 42 Pa.C.S. § 9543 of the PCRA. Maxwell ultimately sought to pursue a substantive claim under 42 Pa.C.S. § 9543(a)(2)(i) pertaining to a constitutional violation under **Batson**.

The new facts alleged in Maxwell's PCRA petition involved a July 9, 2016 meeting between Maxwell and his brother Brian Maxwell (Brian). This visit occurred at SCI-Camp Hill and was their first one-on-one visit in 32 years. During that visit, Maxwell told Brian that he was recently appointed an attorney and explained the claims he wanted to raise. This discussion apparently jogged Brian's memory and he told Maxwell he remembered overhearing the district attorney tell a police officer that he did not think there would be any African-Americans on the jury. Counsel was appointed and filed an amended petition.

Based on those allegations, the PCRA court ordered an evidentiary hearing to address whether Maxwell was duly diligent in discovering these facts.[4] The parties agreed to bifurcate the proceedings, with a jurisdictional hearing followed by a merits hearing in the event Maxwell successfully proved the applicability of the exception.

On May 15, 2017, the Honorable Scott A. Evans held the jurisdictional hearing where only Maxwell and Brian testified. Brian testified that he nearly stopped talking to Maxwell after he was arrested on these crimes and did not

_____

[4] A due diligence inquiry is fact-sensitive and dependent upon the totality of the circumstances presented, and "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1070–71 (Pa. Super. 2015), *aff'd.*, 158 A.3d 618 (Pa. 2017) (citations omitted).

visit him in the Dauphin County Prison while awaiting trial. While Brian would occasionally speak to his brother over the phone, the conversations were not long. Maxwell didn't call Brian directly and only spoke to Brian when Brian was at their mother's house. Brian testified that he visited his brother in prison twice more than twenty years ago, both times with other family members. Brian visited Maxwell one-on-one for the first time on July 9, 2016. That visit is where the two spoke about the prosecutor's comment. Brian did not believe this statement had any relevance at the time he heard it. Maxwell testified that he never heard this information before that meeting.

After accepting the testimony of Brian and Maxwell, Judge Evans found jurisdiction because Maxwell had established the applicability of the newly-discovered fact exception to the PCRA's timeliness requirement. He issued the following order:

> AND NOW, this 26th day of September, 2017, following an evidentiary hearing on the PCRA jurisdictional requirements held on May 15, 2017, and upon consideration of the Commonwealth's memorandum opposing PCRA jurisdiction, and Defendant's/Petitioner's response to the Commonwealth's memorandum, it is hereby ORDERED that the jurisdictional requirements have been met. This Court shall make a determination on the merits of the issues set forth in Defendant's/Petitioner's PCRA petition.

However, due to the fact that the prosecutor in Maxwell's case was Richard Lewis, who was then the President Judge of Dauphin County, Judge Evans recused himself as well as the rest of the Court of Common Pleas of Dauphin County bench. An out-of-county judge, the Honorable John L.

Braxton, Senior Judge, was appointed to hold the substantive PCRA evidentiary hearing where Maxwell was to be given a chance to prove the merits of his 42 Pa.C.S. § 9543(a)(2)(i) claim.

At that hearing, President Judge Lewis, Brian Maxwell and Christine Arnold (the widow of the victim) testified. Instead of explicitly ruling on the merits of the claim, Judge Braxton issued a Notice of Intent to Dismiss on jurisdictional grounds. Judge Braxton set forth his belief that the recusal of Judge Evans and the bench of Dauphin County rendered Judge Evans' jurisdictional order "void." Judge Braxton then determined that Brian was not credible and that Maxwell did not present a "fact" to support a claim of newly-discovered evidence. Following a response from Maxwell, Judge Braxton dismissed the PCRA petition on May 18, 2018, and this appeal followed.

Maxwell contends that the coordinate jurisdiction rule barred Judge Braxton from revisiting Judge Evans' holding that the court possessed jurisdiction over the petition. This issue is important because in reviewing the grant or denial of PCRA relief, the PCRA court's credibility determinations are binding on this Court, although we apply a *de novo* standard of review to the PCRA court's legal conclusions. **See Commonwealth v. Burton**, 158 A.3d 618, 627 (Pa. 2017). Judge Evans obviously found Maxwell and Brian credible; otherwise, Judge Evans would have simply issued the same notice of intent to dismiss as issued by Judge Braxton.

Our Supreme Court has described the coordinate jurisdiction rule as follows:

> Generally, the coordinate jurisdiction rule commands that[,] upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions.
>
> The reason for this respect for an equal tribunal's decision ... is that the coordinate jurisdiction rule is based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency. Furthermore, ... the coordinate jurisdiction rule serves to protect the expectations of the parties, to [e]nsure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation.

*Zane v. Friends Hospital*, 836 A.2d 25, 29 (Pa. 2003) (citations modified; internal quotation marks omitted). *See also Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265 (Pa. Super. 2016).

While the coordinate jurisdiction rule does not normally preclude a later judge from deciding jurisdiction based on settled facts, *Cobbs v. SEPTA*, 985 A.2d 249, 254 (Pa. Super. 2009), the doctrine does preclude a later judge from making different credibility findings that led the first judge to find jurisdiction. Judge Braxton had no license to revisit those findings and they cannot be swept aside with a conclusion that the order was somehow "void."

In this case, the parties agreed before Judge Evans that the matter was to be bifurcated, first jurisdiction, and if jurisdiction was found, then the merits of the PCRA claim. A hearing was held limited to the jurisdiction issue.

Necessarily finding Maxwell and Brian credible, Judge Evans found that Maxwell met the Section 9545(b)(1)(ii) standard because Brian only told him about this information in July 2016 during their first one-on-one meeting, and this petition was filed August 20, 2016, there was not a lack of due diligence on Maxwell's part in filing the petition.

Judge Braxton was not charged with determining jurisdiction because Judge Evans had already made that determination. Judge Braxton was charged with a completely different undertaking. He had to determine whether Maxwell made out a claim under 42 Pa.C.S. § 9543(a)(2)(i). While he was free to make a determination that no **Batson** claim was made out because Brian was not credible in saying he heard then-District Attorney Lewis make the comments at issue, he was not free to change the determination made by Judge Evans in his separate inquiry that Maxwell credibly testified that Brian did not tell him about those comments until 2016.

Because we have found that the coordinate jurisdiction rule precluded Judge Braxton from reversing Judge Evans' jurisdiction determination, we vacate Judge Braxton's order and remand to the PCRA court to make a determination whether Maxwell has made out the substance of his claim.[5]

_____

[5] We need not address whether Judge Evan's order finding jurisdiction was erroneous because it is not a final appealable order since it did not finally dispose of Maxwell's PCRA petition. **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-

Order Vacated.  Case Remanded.  Jurisdiction relinquished.

Judge McLaughlin joins the memorandum.

Judge Olson files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2019

---

conviction collateral relief shall constitute a final order for purposes of appeal.").